Thomson, J.,
delivered the opinion of the court.
Several questions are presented by the record in this case, only one of which it will be necessary to notice. The plaintiff below, who is plaintiff in error here, alleges that on June 23, 1876, she conveyed to the defendant, Dennis Sullivan, an undivided one half of the Potosi lode, in Nevada mining district, Gilpin county, Colorado, the consideration being that defendant would endeavor to effect a sale of the property; that afterwards, on August 14,1876, upon the pretense by him that he could more conveniently adverse the application for United States patent of the Burrough’s Extension lode, which conflicted in its surface boundaries with the Potosi, if the title to the whole claim was in him, she conveyed to him the remaining one half of the Potosi, he agreeing that when the adverse was made he would reconvey this half to her; that defendant after relocating the claim as the Kansas lode, sold it to one James C. Fagan, and has never accounted to plaintiff for her interest in the property, or reconveyed it to her. Some other matters are alleged, but as they have no connection with the controlling question in the case it is unnecessary to state them.
Defendant answers, denying the consideration as it is alleged in the complaint; and avers that he purchased plaintiff’s interest in the property for five hundred dollars. The only witnesses to the transaction were Aaron M. Jones, the husband of the plaintiff, through whom as her agent the transfer was negotiated and consummated, and the defendant. Jones’ testimony supported the complaint, and Sullivan’s the answer. Their testimony was in direct conflict. There were some circumstances shown which seemed to corroborate Sullivan. Their testimony was given in open court, and after hearing it the court gave judgment for defendant.
The judge before whom the cause was tried possessed advantages for judging of the credibility of the witnesses, and arriving at the facts, of which we are deprived. He not only heard the witnesses, but saw their manner and bearing, and *408 was therefore better qualified to draw correct conclusions from the testimony than we are. The judgment is not manifestly against the weight of the evidence ; on the contrary, if there is a preponderance, we think it is in favor of the judgment rendered, which we cannot do otherwise than affirm.

Affirmed.